a, Good Samaritan Act!

⇔68258-067⇔
Narcisse S Fci Allenwood
PO BOX 2001
White DEER, PA 17887
United States

⇔68258-067⇔
Et All Prisoner
PO BOX 2001
White DEER, PA 17887
United States

19CV276

FILED
MAR - 7 2019
Clerk U.S District Court
Greensboro NC
BY

We'd Feb. 20, 2019

To: ATTorney General

Court of clerk,
L. Richardson preyer federal Bldg.
324 West Market Street, Suite 1
Greensboro, NC 27401

Re: Wednesday feb. 20, 2019 Defected Nike Sneaker Cause injury To Zion Williamson.

CC: New york amsterDam News
2340 frederick Douglass Blvd
New york, New york 10027

Case 1:19-cv-00276-NCT-LPA   Document 1   Filed 03/07/19   Page 1 of 9

Sat. Feb 23, 2019

(a)

⇔68258-067⇔
Narcisse S Fci Allenwood
PO BOX 2001
White DEER, PA 17887
United States

⇔68258-067⇔
Et All Prisoner
PO BOX 2001
White DEER, PA 17887
United States

Good Samaritan Law,

Bring forward a civil Lawsuit Notice:
On the Bases of U.S.C. 1982 Zion Williamson the plaintiff
vs
NCAA Duke University Basketball and Nike Inc.

For providing a defective product! (A Nike Sneaker which has Brought injury on Zion Williamson while playing Basketball on Jate Wed Feb 20, 2019 vs North Carolina Tarheels!

The Negligence of NCAA Duke University Basketball and Nike Inc, has cause Zion Williamson Physical harm Beyond the ordinary user or Consumer of the Nike Inc. Product!

This, Civil lawsuit is a Seperative Claim against

Ne as Duke Basketball as a Separative Lawsuit against Nike Inc. (Sneaker)

This is a notification Lately if Zion Williamson chooses or (allocates) the power to proceed a Lawsuit Now or later or much later in years!

This Notice certified on the appropriate time line

The Below court address @

L. Richardson preyer federal Building
324 west Market Street, 1 Suite,
Greensboro, Nc 27401-2513

Has Receive, this Notice, and Zion Williamson can pursue the lawsuit well after, cause This claim arrive @ the early within a month of occurrence! and Before Statutory limitation on civil.

If, Zion Williamson Should decide go into a agreement Contract w/ Nike Inc. (Sneaker) Nike corp Still ah must pay for Defective negligence Sneaker. Which Zion Williamson had endorse @ no fee!

So, In term the occurrence (defective sneaker which cause injury) differ from the later possible agreement!

(a)

As, for Ncaa Duke university, NC
The failure to notice apriori the defective product (Nike Sneaker)! which, cause Zion Williamson's Injury @ the pinnacle point of Zion Williamson's occupation or profession followed as a life work: Career, Duke university, NC owe Zion Williamson for Negligence of Defective product.

{ Nike Sneaker }

which occurred on Date

<mark>Wed. Feb. 20, 2019</mark>

Sincerely yours

a Good Samaritan Act!
file this claim in Behalf of Zion Williamson

⇔68258-067⇔
Narcisse S Fci Allenwood
PO BOX 2001
White DEER, PA 17887
United States

So can Be posted Dated on time to the civil court a month

meaning:
of Defective product: (1967)
a un perfeccion in a product (Nike Sneakers)
That (Nike corp) has manufactured
Defected or Designed Defected
or is faulty, Because un-adequate
instruccion or warning Ncaa Duke university
Basketball, NC, Cause physical harmed,
Beyond the ordinary user or consumer

Whom: Ncaa Duke university Basketball, NC purchase,
endorse, advertize, the product from Nike corp.
also Term manufactured Defected (Sneaker)
was a product deparded from it intended
Design add all possible care was exercise
In product assembly!

*for whites*

§ 1982.     Property rights of citizens

<mark>All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.</mark>

∩.

**USCS**                                                         1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### 85. Punitive damages

Both compensatory and punitive damages are available under 42 USCS § 1982. Lee v Southern Home Sites Corp. (1971, CA5 Miss) 444 F.2d 143; Brown v Ballas (1971, ND Tex) 331 F Supp 1033

Punitive damages may be awarded in actions under 42 USCS § 1982, and in such actions courts are given discretionary power to grant such relief as they find necessary and appropriate. Wright v Kaine Realty (1972, ND Ill) 352 F Supp 222

Punitive damage award under § 1982 is appropriate where record contains evidence of intentional disregard of prospective tenant's rights; award of punitive damages is appropriate even though it causes lessor some hardship since that is essential element of deterrent function. Davis v Mansard

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### 86. -Excessiveness

Although award of compensatory damages of $12,000 for intangible injuries to victim of discrimination in housing is very close to being excessive, it cannot be said that award shocks judicial conscience; nor is award of $5,000 in punitive damages for wanton and willful refusal to rent apartment to black excessive. Hamilton v Svatik (1985, CA7 Ill) 779 F.2d 383

Award of $40,000 compensatory damages plus $75,000 punitive damages against corporation which violated 42 USCS § 1982 by refusing to rent apartment to plaintiffs because they were black was grossly excessive, where plaintiffs later moved into apartment at issue and received approximately $13,000 from apartment owner, and compensatory amount would be reduced to $10,000 and punitive damage amount to $20,000. Douglas v Metro Rental Services, Inc. (1987, CA7 Ill) 827 F.2d 252

### 87. -Other particular cases

Plaintiff is not entitled to punitive damages upon allegations that defendants refused to sell him home solely because he was Negro and that such refusal violated 42 USCS § 1982, barring racial discrimination with respect to citizens' property rights. Jones v Alfred H. Mayer Co. (1968) 392 US 409, 88 S Ct 2186, 20 L Ed 2d 1189, 47 Ohio Ops 2d 43, 1 CCH EPD ¶ 9832

In action by Negro citizen against real estate corporation that had refused to sell him lot solely because of his race, district court did not err in refusing to award compensatory damages in absence of proof of actual loss; furthermore, deliberate refusal of real estate corporation to sell lot to Negro citizen solely because of his race was insufficient evidence of wilful, wanton, or malicious disregard of plaintiff's civil rights to sustain award of punitive damages where refusal occurred before defendant learned of United States Supreme Court decision making such refusal unlawful under Act of 1866. Lee v Southern Home Sites Corp. (1970, CA5 Miss) 429 F.2d 290, 14 ALR Fed 598

Landlord was properly liable for punitive damages in racial discrimination in housing action under 42 USCS § 1982 and 42 USCS §§ 3601 et seq. under theory that landlord himself engaged in discriminatory conduct by establishing rental policies, procedures, and rules, or under theory that landlord authorized or ratified discriminatory conduct of employee when employee refused rental or rental information to black applicant, where landlord refused to apologize or remedy situation after personally investigating applicant's claim of discrimination. Asbury v Brougham (1989, CA10 Kan) 866 F.2d 1276

Plaintiff was entitled to compensatory damages of difference between her actual rent payments and lower rent at apartment complex which discriminated against plaintiff on basis of race; plaintiff had obligation to mitigate damages by accepting offer of apartment which was originally withheld from her because of her race; plaintiff was not entitled to damages for time lost from work while prosecuting housing discrimination claims; plaintiff was entitled to compensatory damages for emotional distress in amount of $1,000 where plaintiff was shocked and upset by phone call from apartment manager informing plaintiff that apartment complex would not rent to her because of her race; plaintiff was entitled to punitive damages in amount of $750 where apartment owner flagrantly discriminated on basis of race, and where apartment owner cooperated with state agency investigating discriminatory practices of apartment owner. Young v ParklandVillage, Inc. (1978, DC Md) 460 F Supp 67

Real estate agency and individual brokers who violated 42 USCS §§ 1982 and 3604 by intentionally discriminating against black couple in purchase of home are jointly and severally liable to plaintiffs for $10,000 compensatory damage award and $2,000 punitive damage award. Hobson v George Humphreys, Inc. (1982, WD Tenn) 563 F Supp 344

USCS 1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### 88. Miscellaneous

Fact that property was bought by black complainants at price comparable to that earlier offered to prospective white buyer did not cure prior violation of 42 USCS § 1982 and did not eliminate need to consider damages where sale to blacks occurred only as result of temporary restraining order. McDonald v Verble (1980, CA6 Ohio) 622 F.2d 1227

In action under 42 USCS § 1982 for racial discrimination as result of motel owner's refusal to rent office space, findings regarding plaintiffs' business losses were not clearly erroneous and magistrate acted properly in awarding damages, including damages to wife who testified as to her feelings and overt reactions when told that her husband could not rent desired office. Phiffer v Proud Parrot Motor Hotel, Inc. (1980, CA9 Cal) 648 F.2d 548 (ovrld in part on other grounds as stated in Holley v Crank (2004, CA9 Cal) 386 F.3d 1248) and (ovrld on other grounds as stated in Holley v Crank (2004, CA9) 400 F.3d 667)

In action under 42 USCS § 1982 and Fair Housing Act (42 USCS §§ 3601 et seq.) award of nominal damages based on finding of liability can trigger award of reasonable attorney's fees. Nicholson v Bates (1982, ED Tex) 544 F Supp 256

In civil rights action that assisted living facility and its owner filed against employees of state agencies, 42 USCS § **1983** provided exclusive federal damages remedy for alleged violations of rights guaranteed by 42 USCS §§ 1981 and 1982 because employees were state actors insofar as facility and its owner alleged that employees acted under color of law when they violated rights guaranteed by 42 USCS §§ 1981 and 1982. Victors v Kronmiller (2008, DC Md) 553 F Supp 2d 533

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.